COPY BY FAX

1 | BROWNE WOODS GEORGE LLP
Eric M. George (State Bar No. 166403)
2 | egeorge@bwgfirm.com
Sylvia Lardiere (State Bar No. 107425)
3 | slardiere@bwgfirm.com
Ira G. Bibbero (State Bar No. 217518)
4 | ibibbero@bwgfirm.com
2121 Avenue of the Stars, Suite 2400
5 | Los Angeles, California 90067
Tel (310) 274-7100 - Fax (310) 275-5697
6
Attorneys for Plaintiff CKE Associates, LLC
7

FILED
11 JUL -5 AM 11:37
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

8
9 | UNITED STATES DISTRICT COURT
10 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
11
12 | CKE ASSOCIATES, LLC,           Case No. CV11-05524 JAK (JCx)
13 |             Plaintiff,
                                   COMPLAINT
14 |     vs.
15 | THE NEWS, INC.,                DEMAND FOR JURY TRIAL
16 |             Defendant.

285690.1

-1-
COMPLAINT

## INTRODUCTION

1. Plaintiff CKE Associates, LLC, a California limited liability company ("Plaintiff" or "CKE"), doing business as Kimberly Ovitz Designs ("KOD"), brings this action against defendant The News, Inc., a New York corporation ("Defendant" or "The News") for fraudulently inducing a sales representation relationship based upon material misrepresentations and omissions.

2. As set forth in greater detail below, The News's fraud and other misconduct has caused KOD to suffer damages, lost profits and loss of reputation, in an amount in excess of $3 million.

## PARTIES

3. CKE Associates, LLC is a California limited liability company, filed with the California Secretary of State in February 1996, with a its principal place of business in Los Angeles, California.

4. On information and belief, The News, Inc. is a New York corporation that has its principal place of business in New York, New York.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds $75,000 and is between citizens of different states.

6. This Court has personal jurisdiction over Defendant, which regularly conducts business in this State.

7. Venue is proper within this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this District.

## FACTUAL ALLEGATIONS

8. In or around mid-August 2010, KOD orally agreed to permit The News to arrange sales of KOD's product lines ("Sale Arrangement").

9. Prior to and at that time, despite having numerous alternative sales representation opportunities available to it, KOD was impressed by The News on the basis of repeated representations by The News that it had the present capability and means to diligently and effectively arrange sales on behalf KOD, and that it would achieve (or exceed) specific, minimum sales revenue numbers.

10. KOD reasonably relied upon these representations as being complete, forthcoming and honest.

11. The News, in furtherance of its foregoing representations, in or around mid-September 2010 communicated to KOD that it would arrange sales of $1,199,750 and $1,625,000 for, respectively, KOD's Spring 2011 and Fall 2011 product lines.

12. Thereafter, too, The News, verbally and repeatedly, reaffirmed these representations and reiterated that these numbers reflected The News's most current and accurate minimum sales numbers.

13. In reliance upon The News's repeated representations, KOD physically moved its offices to New York, signed a three-year lease, and hired additional staff, among other things, all at considerable expense.

14. In October 2010, it became apparent that The News had only delivered approximately about half of the sales it had promised for KOD's Spring 2011 collection for the New York market.

15. Also in approximately October 2010, it became apparent The News had failed to deliver sales it had promised in other markets.

16. After KOD communicated its surprise and disappointment with the disparity between The News's repeated and concrete promises and the actual sales generated by The News's activities, The News, in the course of acknowledging it had fallen short of the promised sales, promised and offered to appoint a new lead sales representative to manage KOD's sales. In the course of representing that it would provide one its most seasoned and proven employees, The News implicitly admitted the unfitness of the prior salesperson to whom The News had delegated activities on behalf of KOD. In so doing, The News inadvertently explained precisely why its Spring 2011 sales activities had been a fiasco – i.e. The News had tasked an ineffectual and incapable employee with the KOD account.

17. In December 2010, after the parties discussed how to remedy the situation, The News provided KOD with revised 2011 minimum sales figures that demonstrated increased revenue for the remaining 2011 collections.

18. Once again, KOD relied on The News's representations regarding these minimum numbers in planning its future business strategies.

19. Additionally, based on The News's representations, KOD (a) made significant design alterations to its Fall 2011 collection; (b) lowered the price point of its collection by approximately 15%; (c) shifted to more jersey and knit fabrics, and (d) added further color to the collection. Each such action by KOD was made in response to The News's requests, with the understanding that these changes were necessary in order to effectuate the promised minimum sales numbers.

20. KOD's trust in The News was, yet again, betrayed. By early April 2011, KOD learned that The News had once again fallen dramatically short of its represented minimum sales, once again achieving only about half of the expected sales revenue for the Fall 2011 selling season. Given KOD's reliance upon the accuracy of The News's promised minimum sale numbers, as well KOD's actions in making the alterations and modifications requested by The News, the failure of The News to achieve its promised sales numbers was nothing short of devastating.

21. In the wake of its failure, The News offered neither contrition, nor any credible explanation, but only excuses both disingenuous and deceitful in nature. For example, The News blamed poor sales performance on the lack of sell-through from prior seasons; yet, such prior sell-through numbers were known by The News at the time that it entered into the Sales Arrangement. By way of another example, The News blamed its poor performance on the design of the collection itself, notwithstanding the significant alterations KOD had made to its collection at the request of The News.

22. Compounding the injury its poor performance had inflicted upon KOD, The News on April 26, 2011 purported summarily to terminate the Sales Arrangement. The timing of this action could hardly have been worse for KOD, which was then left without critical sales representation for the imminently upcoming Resort/Pre-Spring and Spring 2012 sales seasons.

23. The News, in a rare moment of candor offering insight into the debacle it caused, acknowledged its principal in this matter to be "a dreamer" and "not a business person in many many ways." This belated self-characterization stands in stark contrast to The News's misrepresentations about its competency and professionalism at the inception of the Sales Arrangement.

24. The News's misconduct has caused KOD to suffer irreparable financial harm and significant lost revenues.

25. As a result of The News's misconduct, KOD has additionally experienced substantial compensatory damages, lost profits and irreparable reputational damages.

26. Plaintiff hereby seeks recovery of all damages caused by The News, including disgorgement of all prior commissions and other remittances paid to The News, a declaration that no new commissions are due or owed, as well as remuneration for damaging the KOD brand.

## FIRST CAUSE OF ACTION

### (For Breach of Contract)

27. Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth herein above.

28. The Sales Arrangement constituted a legally-binding agreement between Plaintiff and Defendant, pursuant to which Defendant was obligated to achieve the minimum sale revenue numbers it promised to deliver.

29. Plaintiff provided timely and appropriate performance of all of its obligations, covenants and conditions under the Sales Arrangement. Notwithstanding, Defendant unjustifiably refused to honor its duties and obligations under the Sales Arrangement.

30. Defendant breached its contractual duties to Plaintiff under the Sales Arrangement in numerous respects, including, among other things, by failing to achieve the minimum sales revenue numbers promised.

31. Defendant also breached the covenant of good faith and fair dealing implied in the Sales Arrangement, by taking actions contrary to the objectives underlying the Sales Arrangement. Such actions include, but are not limited to, The News's action in purportedly terminating the Sales Arrangement on April 26, 2011, at such time as to leave KOD without critical sales representation for the then-upcoming Resort/Pre-Spring and Spring 2012 sales seasons

32. As a direct and proximate result of Defendant's breaches, Plaintiff has sustained and will continue to sustain damages, the precise amount of which is not presently ascertainable, but which exceeds $3 million.

## SECOND CAUSE OF ACTION
### (For Fraud)

33. Plaintiff realleges and incorporates herein by reference each and every allegation set forth hereinabove.

34. In order to induce Plaintiff to enter into a business relationship, Defendant represented it had the capability and means to diligently and effectively represent KOD, and that it could achieve or exceed specific, minimum sales numbers of $1,199,750 and $1,625,000 for, respectively, the Spring 2011 and Fall 2011 seasons.

35. KOD reasonably relied upon these representations as being forthcoming and honest. Further, in reliance upon The News's representations, KOD physically moved its offices to New York, signed a three-year lease, and hired additional staff, among other things, all at considerable expense.

36. In truth, as it later admitted in acknowledging that its principal was "a dreamer" and "not a business person in many many ways," The News had no capacity whatever to achieve the minimum sales numbers it promised.

37. In making the aforementioned misrepresentations, Defendant omitted and concealed the material facts it was obligated to have provided to Plaintiff, as:

(a). Defendant had exclusive knowledge of those material facts;

(b) Through its statements identified above, Defendant actively concealed those material facts from Plaintiff; and

(c) Defendant's partial representations suppressed the omitted material facts.

38. Moreover, by omitting and concealing material facts, Defendant rendered its other statements incomplete and misleading.

39. Defendant intended that Plaintiff rely upon these misrepresentations and omissions.

40. Plaintiff did rely upon these representations and omissions and was damaged thereby.

41. Defendant's conduct alleged herein was undertaken with oppression, fraud and/or malice in willful disregard of Plaintiff's rights and with intent to injure Plaintiff. Plaintiff is therefore entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION

(For Declaratory Relief)

42. Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth herein above.

43. Plaintiff is entitled to a declaration that Plaintiff owes Defendant no further sums (whether denominated as commissions, fees or otherwise), and that Defendant is liable to Plaintiff for all damages, lost profits and remuneration for reputational injury sustained and to be sustained by Plaintiff in connection with Defendant's misconduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION:**

1. For compensatory damages against Defendant in an amount exceeding $3 million, to be proven at trial;

2. For interest as provided by law;

3. For such other and further relief as the Court deems just and proper.

## ON THE SECOND CAUSE OF ACTION:

1. For compensatory damages against Defendants in an amount exceeding $3 million, to be proven at trial;

2. For interest as provided by law;

3. For punitive damages; and

4. For such other and further relief as the Court deems just and proper.

## ON THE THIRD CAUSE OF ACTION:

1. For a declaration that Plaintiff owes Defendant no further sums (whether denominated as commissions, fees or otherwise), and that Defendant is liable to Plaintiff for all damages, lost profits, and remuneration for reputational injury sustained and to be sustained by Plaintiff in connection with Defendant's misconduct; and

2. For such other and further relief as the Court deems just and proper.

DATED: July 4, 2011

BROWNE WOODS GEORGE LLP
Eric M. George
Sylvia Lardiere
Ira G. Bibbero

By _____
Eric M. George

Attorneys for Plaintiff CKE Associates, LLC

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury to the full extent permitted by law.

DATED: July 4, 2011

BROWNE WOODS GEORGE LLP
Eric M. George
Sylvia Lardiere
Ira G. Bibbero

By _____
Eric M. George

Attorneys for Plaintiff CKE Associates, LLC

285690.1

-9-

COMPLAINT